UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JOSEPH SARGENT,                   )   CASE NO. 4:13 CV0826
                                  )
       Petitioner,                )   JUDGE DONALD C. NUGENT
                                  )
  vs.                             )
                                  )
                                  )   MEMORANDUM OF OPINION
                                  )   AND ORDER
F.C.I. ELKTON WARDEN,             )
                                  )
       Respondent.                )

       Before the Court is *pro se* Petitioner Joseph Sargent's above-captioned habeas corpus action pursuant to 28 U.S.C. § 2241. He names the Warden at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) as Respondent. Petitioner, who is incarcerated at F.C.I. Elkton, asserts he is entitled to immediate release to a half-way house for 12 months pursuant to the Second Chance Act 2007, 42 U.S.C. § 17501. On April 30, 2013, he filed a Motion for Emergency Hearing wherein he asked the Court to disregard his original pleading, which the Court construes as an Amended Petition. For the reasons set forth below, Petitioner is not entitled to habeas relief.

## Background

       Petitioner originally requested immediate release from confinement based on "unsafe conditions" after he was allegedly assaulted three times in federal prison. In his Motion for Emergency Hearing, however, he asks the Court to "please disregard my prior legal arguments as only one is the correct argument to make." (Doc. No. 4.) The principal argument he now makes

is that the Bureau of Prisons (BOP) failed to adequately consider him for placement in a half-way house under the Second Chance Act.

Petitioner argues he suffers from Attention Deficient Hyperactivity Disorder (ADHD), but the Bureau of Prisons (BOP) does not have any medication published in its prescription drug formulary to treat him. As a consequence, he alleges he is suffering all the adverse effects from a lack of treatment. This allegedly includes assaults from other prisoners who react negatively toward petitioner's hyperactive behavior. He does not assert he was denied any treatment he requested, nor does he claim he requested access to medication he previously was prescribed and was denied. Instead, Petitioner simply states his medical condition justifies earlier release from prison to a half-way house for a period of 12 months under the Second Chance Act.

*Standard of Review*

When a court entertains an application for a writ of habeas corpus, it is required to award the writ "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. To determine a petitioner's entitlement to habeas relief, the court must evaluate whether he has met his "'burden to show that he is in custody in violation of the Constitution of the United States . . .'." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Petitioner has not satisfied his burden.

*28 U.S.C. § 2241*

For a prisoner seeking to challenge the "legality or duration" of his confinement a habeas corpus proceeding is the proper mechanism. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). As the *Preiser* court explained further in *Nelson v. Campbell*, 541 U.S. 637 (2004), "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks

monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id.* at 643 (emphasis added); *see Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

An inmate only holds a protectable right in those interests to which he has a legitimate claim of entitlement. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)( quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577(1972)). Inmates possess a claim of entitlement only to those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991). Such interests, however, are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484(1995) (citations omitted). Therefore, to establish a deprivation of a liberty interest with respect to the BOP's refusal to transfer him to a half-way house, Petitioner must show either (1) that he has a legitimate entitlement to early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See id.* at 483-84. Petitioner has failed to show either.

Petitioner has no constitutional right to serve his sentence in a facility more to his choosing. Congress has vested the BOP "with the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of lawfully convicted prisoner," 18 U.S.C.

§ 3621; *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Beard v. Livesay*, 798 F.2d 874 (6th Cir.1986). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). To meet the requirements of the Second Chance Act, the BOP is obligated to consider the factors set forth in 18 U.S.C. § 3621(b). Beyond that, Petitioner has no due process right, protected by the Fifth Amendment, to be placed in a half-way house earlier than the date on which the BOP assigns him.

Petitioner claims his Case Manager ignored the "history and characteristics of the inmate during incarceration." (Doc. No. 4.) This history, he alleges, included multiple physical assaults against him, as well as the BOP's failure to provide treatment for his ADHD. He therefore, protests the Case Manager's decision to place him in home confinement only three months before his scheduled release date and, instead, asserts he is entitled to 12 months placement in a half-way house to receive treatment for his ADHD.

The Court agrees that the BOP has complied with the requirements of the Second Chance Act. The BOP's policy on Community Corrections Center (C.C.C.), or half-way house placement consideration, requires that placement decisions be made on an individual basis with reference to the five-factor criteria set out in 18 U.S.C. § 3621(b), which provides as follows:

> (b) Place of imprisonment.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

No single factor under §3621 may be accorded greater weight than another. As the Third Circuit noted in *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir.2005), "the use of the word 'and' before the final factor in [a] five-part list indicate[d] that Congress intended for the [Bureau of Prisons] to weigh all of the factors listed." *Id.* at 245 (emphasis in original). If, as petitioner alleges, his "history and characteristics" reflected numerous instances of assault, the BOP's first responsibility would be to assure his safety in prison which is a separate issue from his habeas claim. The facts here reveal petitioner has received all the rights to which he is entitled under the Second Chance Act. Therefore, his petition fails to state any claim that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

*Civil Rights Claims*

The Court cannot address the propriety of Petitioner's claims regarding the BOP's management of his ADHD because it raises a challenge to the conditions of his confinement. Civil rights claims that attack the conditions under which a prisoner is confined are not the type of claims

that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement. *See Badea v. Cox*, 931 F .2d 573, 574 (9th Cir.1991).

To the extent Petitioner has any claims against the Respondent based on a violation of his rights under the Constitution, they would best be pursued as a *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)]action pursuant to 42 U.S.C. § 1983.[1] Rather than construe this action as a civil rights complaint, however, the Sixth Circuit has held that dismissal without prejudice is appropriate to allow the Petitioner to raise any potential civil rights claims in a *Bivens* action. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## Conclusion

Based on the foregoing, the Motion for an Emergency Hearing and Motion to Subpoena Case Manager are denied. The petition is dismissed pursuant to 28 U.S.C. §2243, but without prejudice to any possible civil rights claims he may seek to pursue. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

May 9, 2013

---

[1] *Bivens* involves prisoners who assert that a federal employee violated his constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[2] Motion to subpoena case manager 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.